UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Keith Farrelly,

      Plaintiffs,

      vs.

Gold Key Credit, Inc.,
John and Jane Does

      Defendants.

**CA10- 176**ML

CA 10-_____
**Jury Trial Requested**

---

### Complaint

### Introduction

1.    The Plaintiff alleges the Defendants placed a series of harassing phone calls to him – even calling and speaking with him twice in the same day - while attempting to collect a $723 medical debt from the Plaintiff.

2.    The Plaintiff alleges the Defendants' conduct constitued harassing, abusive and prohibited conduct while attempting to collect a debt in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). The Plaintiff seeks statutory damages, actual damages, costs and attorney fees under the FDCPA.

3.    The Plaintiff also alleges the Defendants' conduct constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, 6-13.1.-1 *et seq*. ("DTPA"). The Plaintiff seeks statutory damages, actual damages, costs, attorney fees, and punitive damages under the DTPA.

4.     The Plaintiff also alleges the Defendants violated his statutory right to privacy, as codified in R.I.G.L. 9-1-28.1, and wrongfully caused him emotional distress. He seeks actual damages, punitive damages, and attorney fee and costs for the violation.

## Jurisdiction and Venue

5.     This Court has jurisdiction to hear the FDCPA claims in this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337(a).

6.     This Court has supplemental jurisdiction to hear the state law claims pursuant to 28 U.S.C. § 1367(a).

7.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff is a resident of this District and the conduct complained of took place, via the telephone, in this District.

## Parties

8.     The Plaintiff Keith Farrelly is an adult resident of the municipality of Providence, County of Providence, State of Rhode Island.

9.     The Defendant Gold Key Credit, Inc. (Gold Key) is a foreign corporation organized and existing under the laws of the State of Florida.

10.    The Defendant John and Jane Does, alias, are employees or agent of Gold Key who's true identities are unknown to the Plaintiff but are known, or knowable, to Gold Key.

## Facts Common To All Counts

11.    At all times relevant to this Complaint, Gold Key was engaged in the business of regularly collecting Debts, originally owed to third parties, using the telephone to communicate with residents of Rhode Island.

12.    At all times relevant to this Complaint, the John and Jane Does, alias, were engaged in the business of regularly collecting Debts, originally owed to third parties, using the telephone to communicate with residents of Rhode Island.

13.    At all times relevant to this Complaint, Gold Key was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

14.    At all times relevant to this Complaint, the John and Jane Does were "Debt Collectors" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

15.    Within the past year Gold Key placed phone call to, and engaged in telephone conversations with, the Plaintiff while acting as a Debt Collector attempting to collect a debt from the Plaintiff.

16.    Within the past year the John and Jane Does placed phone calls to, and engaged in telephone conversations with, the Plaintiff while acting as Debt Collectors attempting to collect a debt from the Plaintiff.

17.    The debt that gave rise to the telephone calls arose from the provision of medical care to the Plaintiff. (Hereinafter the alleged debt shall be referred to simply as the Debt.)

### Conversation 1 – January 22, 2010

18.    On January 22, 2010, at approximately 2:40 PM, Gold Key, acting through one of the John Does, called the Plaintiff and engaged in a conversation with him.

19.    In that conversation:
   a. the Plaintiff told them the number they had called was his cell phone and calls to it cost him money;
   b. the Plaintiff told them to stop calling him;
   c. the Plaintiff refused to provide them with his date of birth, social security number, or address;
   d. they said they would keep calling him until he provided them with that information; and
   e. they represented to him that it was legal for them to keep calling him until he provided them with the information.

**Conversation 2 – First Conversation on February 1, 2010**

20.   On January February 1, 2010, before 11:45 AM, Gold Key, acting through one of the John or Jane Does, called the Plaintiff and engaged in a conversation with him.

21.   In that conversation:

   a.   the Plaintiff told them he had no money to pay the Debt;

   b.   the Plaintiff asked them to stop calling him;

   c.   the Plaintiff refused to provide them with his date of birth, social security number, or address; and

   d.   they said they would keep calling him until he provided them with that information.

**Conversation 3 – Second Conversation on February 1, 2010**

On February 1, 2010, after 11:45 AM, Gold Key, acting through one of the John or Jane Does, called the Plaintiff and engaged in a conversation with him.

22.   In that conversation:

   a.   the Plaintiff told them the number they had called was his cell phone and calls to it cost him money;

   b.   the Plaintiff told them he could not pay the Debt;

   c.   the Plaintiff told them to stop calling him;

   d.   the Plaintiff confirmed his date of birth; and

   e.   they said they would keep calling him until he paid.

**Conversation 4 – March 2, 2010**

23.     On March 2, 2010, before 2:10 PM, Gold Key, acting through one of the Jane Does, called the Plaintiff and engaged in a conversation with him.

24.     In that conversation:

   a.   they did not identify themselves as debt collectors;

   b.   the Plaintiff told them it was costing him money when they called him because they were calling his cell phone;

   c.   they accused him of harassing them;

   d.   the Plaintiff told them he had no money to pay the Debt;

   e.   they used abusive language;

   f.   they hung up on him; and

   g.   they attempted to demean and humiliate him.

**Conversation 5 – March 15, 2010**

25.     On March 15, 2010, before 2:10 PM, Gold Key, acting through one of the Jane Does, called the Plaintiff and engaged in a conversation with him.

26.     In that conversation:

   a.   they did not identify themselves as debt collectors;

   b.   the Plaintiff refused to confirm his address;

    c.  the Plaintiff complained they were harassing him;

    d.  they told them they would keep calling him whenever they wanted; and

### Other Calls and Conversations – March 2010

27.    Gold Key, acting through the John and Jane Does, placed other calls to the Plaintiff, and engaged in other conversations with the Plaintiff, during March 2010.

28.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

### Count 1 – Federal FDCPA – Improper Communication with the Plaintiff

29.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

30.    The Defendants violated the restrictions the FDCPA places on Debt Collectors when they were communicating with the Plaintiff.

31.    The restrictions are codified at 15 USC 1692(c)(a).

32.    The Defendants did the following which the Plaintiff asserts gave rise to the violations:

    a.   Communicated with the Plaintiff at a place they knew was inconvenient to the Plaintiff in violation of 15 USC 1692(c)(a)(1).

33.    The Plaintiff suffered damages as a result of the Defendants' conduct described in this Count.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

## Count 2 – Federal FDCPA – Harassment/Abuse

34.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

35.    The Defendants violated the restrictions the FDCPA imposes on them prohibiting then from harassing and/or abusing the Plaintiff.

36.    The restrictions are codified at 15 USC 1692(d).

37.    The Defendants did the following which the Plaintiff asserts gave rise to the violations:

a. Caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the number called in violation of 15 USC 1692(d)(5);

b. Engaged the Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass him in violation of 15 USC 1692(d)(5);

c. Used abusive language with the Plaintiff in violation of 15 USC 1692(d)(2);

d. Placed at least one phone call without meaningfully disclosing their identity in violation of 15 USC 1692(d)(6);

e. Represented to him that they had the right to call him on his cell phone even though they knew such calls cost him money in violation of 15 USC 1692(d); and

f. Represented to him that they had the right to call him whenever, and as often as, they wanted to in violation of 15 USC 1692(d)(6).

38.    The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

## Count 3 – Federal FDCPA – False/Misleading Representations

39. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

40. The Defendants violated the restrictions the FDCPA imposes on them prohibiting then from making false and/or misleading representations.

41. The restrictions are codified at 15 USC 1692(e).

42. The Defendants did the following which the Plaintiff asserts gave rise to the violations:

    a. Represented to him that they had the right to call him on his cell phone even though they knew such calls cost him money in violation of 15 USC 1692(e) and (e(5);

    b. Represented to him that they had the right to call him whenever, and as often as, they wanted to in violation of 15 USC 1692(e) and (e)(5); and

    c. Failed to include the proper disclosures in their communications with him in violation of 15 USC 1692(e)(11).

43. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28

USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

### Count 4 – Federal FDCPA – Unfair Practices

44.     The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

45.     The Defendants violated the restrictions the FDCPA imposes on them prohibiting then from using unfair or unconscionable means while attempting to collect a debt.

46.     The restrictions are codified at 15 USC 1692(f).

47.     The Defendants did the following which the Plaintiff asserts gave rise to the violations:

   a.  Did the acts set out in this Complaint in violation of 15 USC 1692(f); and

   b.  Caused the Plaintiff to incur cell phone charges in violation of 15 USC 1692(f)(5).

48.     The Plaintiff suffered damages as a result of the conduct described in this Count.

   **Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28

USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

## Count 5 – State – Deceptive Trade Practice

49.  The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

50.  The John and Jane Does placed a call, or calls, to the Plaintiff while acting within the scope of their employment with Gold Key and in furtherance of Gold Key's business interests.

51.  Gold Key did not have, or did not enforce, policies and procedures to prevent its agents from conducting themselves in the way the John and Jane Does behaved towards the Plaintiff.

52.  Gold Key's conduct, and the conduct of the John and Jane Does, as described in this Complaint constituted "unfair or deceptive acts or practices" as that term is defined in the Rhode Island DTPA at RIGL 6-13.1-1(6)(xiii).

53.  Gold Key's, and the John and Jane Does', conduct as described in this Complaint was prohibited by the DTPA at RIGL 6-13.1-2.

54.     Gold Key's, and the John and Jane Does', conduct as described in this Complaint was deliberate, and/or outrageous, and/or reckless.

55.     As a result of Gold Key's, and the John and Jane Does', conduct, the Plaintiff suffered damages including mental suffering and attorney fees.

**Wherefore**, the Plaintiff requests judgment against each Defendant for 1) actual damages pursuant to RIGL 6-13.1-5.2(a); 2) statutory damages in the amount of $200 pursuant to RIGL 6-13.1-5.2(a); 3) costs and attorney fees pursuant to RIGL 6-13.1-5.2(d); 4) punitive damages; and 5) such other relief as the Court may deem just and appropriate.

### Count 8 – State - Invasion of Privacy

56.     The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

57.     The calls Gold Key and the John and Jane Does placed to the Plaintiff, and the conversations they engaged in during the calls, intruded on the Plaintiff's physical solitude and/or seclusion.

58.     The calls and conversations were offensive and/or objectionable to a reasonable person.

59.     The calls and conversations were intentional, malicious and outrageous.

60.     As a result of the Defendants' conduct, the Plaintiff suffered damages including

mental pain and suffering and attorney fees.

**Wherefore**, the Plaintiff requests judgment against each Defendant for 1) actual

damages; 2) costs and attorney fees pursuant to RIGL 9-1-28.1(b); 3) punitive damages; and 4)

such other relief as the Court may deem just and appropriate.

The Plaintiffs,
By Counsel,

_____

Citadel Consumer Litigation, P.C.
John T. Longo, Esq./#4928
681 Smith Street
Providence, RI  02908
(401) 383-7550
Fax (401) 537-9185
jtlongo@jtllegal.com

### Jury Demand

The Plaintiffs demands a trial by jury on each and every count.

_____
John T. Longo, Esq./#4928

My File #: FD 2047